No. 3510

Second Circuit

ROWE v. CRICHTON CO., LTD.

(July 1, 1929. Opinion and Decree.)
(October 1, 1929. Rehearing Refused.)

Kennon and Kitchens, of Minden, attorneys for plaintiff, appellant.

A. S. Drew, of Minden, attorney for defendant, appellee.

ODOM, J. On September 25, 1922, the plaintiff, Joe S. Rowe, executed and signed a note, or rather a due bill, for the sum of $500, in favor of Crichton Company, Ltd., which note or due bill contains the following recital on its face:

"I also do hereby waive service of copy of petition, citation and time, and confess judgment in favor of the said Crichton Company, Ltd., or any future holder of this note for said sum, interest and attorney's fees, and agree that any property of mine seized to pay same be sold with benefit of appraisement."

On August 24, 1927, Crichton Company, the holder and owner of said instrument, filed suit against plaintiff for the amount of the note, together with interest and attorney's fees, and on the 9th day of September, 1927, obtained judgment as prayed for.

The present suit is by Joe S. Rowe against the Crichton Company, Ltd., to have said judgment annulled, and, as a cause of action, plaintiff alleges that said judgment was obtained through fraud and other ill practices on the part of T. A. Glass, who seems to have been the president and manager of Crichton Company.

As grounds of nullity, plaintiff does not set up any of the causes stipulated in Article 606 of the Code of Practice, but sets up as his ground for nullity the causes recited in Article 607 of the Code, which declares that "a definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud or other ill practices on the part of the party in whose favor it was rendered."

Plaintiff does not allege that there was fraud or ill practice on the part of the Crichton Company in that it obtained said judgment by bribing the judge or the witnesses, or by producing forged documents, or by denying having received the payment of a sum, the receipt for which the defendant had lost or could not find at the time, but sets up in substance that subsequent to the date on which the note or due bill was signed, he placed in the hands of the Service Garage, which he alleges was owned and operated by Mr. Glass, president of Crichton Company, Ltd., an automobile which the owners and managers of the said Service Garage agreed to sell for him and to place the proceeds of the sale to the credit of the said note, and that the said Glass, as owner of said garage, made no effort whatsoever to sell said automobile, and that, as a consequence of his neglect to do so, the automobile became worthless; and further,

that he placed in the hands of said Glass for collection certain promissory notes which were not collected. Plaintiff further sets up that the suit on the due bill was instituted without notice to him and without previous demand for payment.

In the alternative, plaintiff asks that, in case the court should decline to cancel said judgment, then in that event, he be given credit on the judgment for $350 which, he alleges, was the value of the automobile at the time it was placed in the said Service Garage.

## OPINION

Plaintiff has utterly failed to prove any fraud or ill practice on the part of the Crichton Company in obtaining the judgment which he now seeks to have annulled. It is true, as alleged by plaintiff, that there was no demand made upon him for payment of the note previous to the institution of the suit, nor was he personally cited to appear. Under the precise terms of the document sued on, no demand for payment was necessary nor was it necessary to cite and serve the maker of the due bill, because the debtor specifically waived citation and service and confessed judgment. A filing of suit without previous notice or demand, under the circumstances, was neither fraud nor ill practice on the part of the Crichton Company.

On the other branch of the case, the testimony shows that subsequent to the making of the note, plaintiff, Rowe, carried to the Service Garage, which seems to have been owned and operated by Mr. Glass and Mr. Townsend and which had no connection whatsoever with the Crichton Company, the holder and owner of the due bill, an automobile which he desired to sell, and told said parties that he had practically arranged the sale of said car to Wiley Dollar for $350, and that, in case he made the sale, he would apply the proceeds as a payment on the due bill. He furthermore told said parties that if they could sell said automobile, he would permit them to apply the proceeds as a payment on his indebtedness. There is no testimony to the effect that the owners of the Service Garage agreed to sell the automobile, but merely stated to plaintiff, Rowe, that in case they had an opportunity to sell it, they would do so and deliver the proceeds to the Crichton Company to go as a credit on his obligation to it. Plaintiff himself says they did not agree to accept said car and give credit for its value. The facts are that the car was not sold, but remained at said garage for more than four years. In the meantime, plaintiff himself had endeavored to sell it. That was in 1923. After his failure to make a sale of the automobile, plaintiff left and remained away for approximately four years, without making further efforts himself to dispose of the car and without communicating with either Glass or Townsend with reference to it. Mr. Glass testified that he had no opportunity to sell the car, which remained in storage until he and Townsend quit business in 1927, when the car, according to his understanding, was carried out of the building along with eight other old, wrecked cars.

Counsel for plaintiff in their brief cited Articles 3002, 3003 and 3004 of the Civil Code with reference to the duties and obligations of an agent or attorney in fact, and cited also a number of decisions holding that one who accepts a mandate for another, must use due diligence in the discharge of his duties. These articles of the Code and decisions might be pertinent if as a matter of fact either Glass or

Townsend had been the agent of plaintiff to sell the car, provided it had been shown that either or both represented the Crichton Company. But, as already stated, plaintiff left his automobile at the Service Garage, which was in no way connected with the Crichton Company, and the testimony shows that neither Glass nor Townsend agreed to become the agent of plaintiff for the sale of the car, but merely agreed that in case they had an opportunity to sell it, they would do so. Plaintiff also alleged, and it was shown, that he left a number of promissory notes in the hands of Glass with the understanding that if Glass could collect them, or any of them, he would apply such sums as he collected as a credit on the due bill. Subsequently, a number of the notes were returned to plaintiff by Glass with the statement that they could not be collected, and with the suggestion that he take new notes. Glass assumed no obligation to collect the notes nor did he agree to take them and give plaintiff credit for them.

Plaintiff complains that either Glass or Townsend removed parts from his automobile, as a result of which it became worthless. If that be true, he may have an action against them for the destruction of the car.

Plaintiff has utterly failed to make out his case on either branch.

There was judgment in the district court rejecting plaintiff's demands in toto. The testimony shows, however, that previous to the date on which judgment was rendered against the plaintiff on the due bill, Mr. Glass, president of the defendant company, collected the sum of $26 on one of the notes which Rowe had turned over to him, and which amount was not credited on the note. For this reason, the judge of the lower court gave credit in the judgment for the amount thus collected and ordered defendant to pay all costs. Defendant, appellee, has answered the appeal and asked that the judgment be so amended as to throw the cost on plaintiff. Appellee does not complain that the judgment is incorrect on account of having allowed plaintiff credit for the amount. Even though the credit should not have been allowed under the pleadings, we cannot amend it so as to strike out the credit. As the record stands, plaintiff was successful to that extent and defendant must pay the costs.

For the reasons assigned, the judgment appealed from is affirmed with costs in both courts.